UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SOLOMON KWANDO BLAY,

          Petitioner,

v.

ERIC HOLDER, JR., et al.,

          Respondents.

Civil Action No. 12-5980 (FLW)

**MEMORANDUM OPINION**

      This matter has come before the Court on Petitioner's submission of a Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241. It appearing that:

      1. Petitioner initially filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his prolonged, post-removal order detention under 8 U.S.C. § 1231. (ECF No. 3.)

      2. Thereafter, the Board of Immigration Appeals granted Petitioner's request for a stay of removal while they considered his appeal. (ECF No. 22.) Following the Board of Immigration Appeals ruling, Petitioner requested that this Court re-characterize his petition as one challenging his pre-removal detention under 8 U.S.C. § 1226. (ECF Nos. 21 & 23.) He has filed two letters briefs in support of this request.

      3. In his first letter brief, Petitioner asserts only one ground for relief, that he was not detained immediately "when released" from his prior custody, which argument has since been rejected by the Third Circuit. *See Sylvain v. Attorney General of U.S.*, 714 F.3d 150 (3d Cir. 2013). (ECF No. 21.)

4. In his second brief, recognizing that *Sylvain* forecloses his "when released" argument, he requests that this Court re-characterize his petition as one pursuant to 8 U.S.C. § 1226 based on his unconstitutionally long detention. (ECF No. 23.) Petitioner does not raise any specific grounds for relief, but generally alleges that his detention has been unconstitutionally long, citing to *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231 (3d Cir. 2011).

5. Moreover, Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Court (applicable to § 2241 petitions through Rule 1(b)) requires that a petition: "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Petitioner's request to "re-characterize" the current petition does not comply with this Rule, specifically, Petitioner fails to specify the grounds for relief available to him and state the facts supporting each ground.

6. Additionally, Petitioner has moved to "expedite" his Petition, arguing that "any delay in hearing this case in a timely manner will cause irreparable harm to Petitioner." (ECF No. 19.) Petitioner alleges that the Department of Homeland Security resorts to "transferring Petitioners outside the jurisdiction where [the] Habeas petition is brought, withhold[ing] outgoing mail, or bring[ing] unsupported claims of failures to comply." Since this Court is requiring Petitioner to submit an amended petition, as set forth in the Order accompanying this Opinion, the request to "expedite" his amended petition will be dismissed as moot. Furthermore, the Court notes that Petitioner has pointed to no statutory or case law support for his argument that a petition can even be "expedited."

7. For the foregoing reasons, Petitioner's request to "re-characterize" the petition and his "motion to expedite" are DENIED. Petitioner is granted leave to amend as set forth in the Order accompanying this Opinion. An appropriate Order follows.

Dated: June 19, 2013

s/Freda L. Wolfson  
FREDA L. WOLFSON  
United States District Judge